GRIFFIN, J.
On May 12, 2011, the State charged Demetric McMillon [“McMillon”] with delivery of cocaine in violation of Florida Statutes section 893.03(2)(a)(4) (2011). After a trial, a jury found him guilty as charged, and the court sentenced him to ten years in the Department of Corrections [“DOC”].
Prior to trial, McMillon filed a motion to compel the identity of the State’s confidential informant, who allegedly purchased cocaine from him. During trial, McMillon relied on misidentification as his theory of defense. The confidential informant testified and described the events of the buy to the jury. In a photo lineup shown to the informant immediately after the transaction, he identified McMillon as the person who sold the cocaine.
The jury found McMillon guilty of delivery of cocaine. The court proceeded immediately to sentencing. McMillon’s attorney argued for a sentence at the bottom range of the guidelines, arguing, essentially, that this was not an “egregious” drug case. The court replied:
Well, other than you’ve exposed a confidential informant’s identity and now he’s *887 at risk. He lives here in Kissimmee. I mean, that — that’s huge. That now that person is walking around has testified against this convicted felon. So I — understand that, but I know everyone’s entitled to a trial, but when you — when a person has to — is now at risk because they’re a confidential informant that— that definitely makes it a little more egregious than the standard sale and delivery that we see in this courtroom.
The court then sentenced McMillon to ten years in the DOC. The sentence was well within the range allowed in the punishment code. The scoresheet provided for a sentencing range of 29.25 months imprisonment to 15 years imprisonment. In asking for a ten-year sentence, the prosecutor described McMillon’s criminal history as “horrendous.” He had done nine years in prison for manslaughter and had multiple sale and delivery of cocaine convictions. He had never successfully completed a term of probation.
McMillon contends on appeal that it is improper for a trial court to enhance a defendant’s sentence because he exercised the right to have a confidential informant identified. We agree with this proposition. A defendant has a right to confront the witnesses against him, and he cannot be penalized for exercising his right to a trial to determine his guilt or innocence. The trial court judge’s statement in this case was a response to McMillon’s contention that there was nothing “egregious” about the case. Nothing in this record, however, suggests that the trial court’s sentencing decision was affected by McMillon’s exercise of his rights.
AFFIRMED.
COHEN and BERGER, JJ„ concur.